ACCEPTED
07-15-00011-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/10/2015 3:13:37 PM
Vivian Long, Clerk

NO. 07-15-00011-CR

IN THE COURT OF APPEALS OF THE STATE OF TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/10/2015 3:13:37 PM
VIVIAN LONG
CLERK

SEVENTH JUDICIAL DISTRICT

AMARILLO, TEXAS

---

MARK HOFF

v.

THE STATE OF TEXAS

---

TRIAL COURT CAUSE NO. C35,611

COUNTY COURT AT LAW OF NAVARRO COUNTY, TEXAS

THE STATE'S BRIEF

---

Amy L. Cadwell
Assistant Criminal District Attorney
Navarro County, Texas
SBN: 24057435
800 N Main St., Suite 203
Corsicana, Texas 75110
903-654-3045
903-872-6858 (fax)

ORAL ARGUMENT NOT REQUESTED

1

# IDENTITY OF PARTIES AND COUNSEL

**Honorable Amanda Putman**
Judge of the County Court at Law
800 N Main St., Corsicana, Texas 75110

**Mark Hoff**
Appellant

**Damara H. Watkins**
Trial Counsel, Appellate Counsel
1541 Princeton Drive
Corsicana, Texas 75110

**R. Lowell Thompson**
Criminal District Attorney, Navarro County, Texas
800 N Main St., Suite 203
Nacogdoches, Texas 75961

**Amy L. Cadwell**
Assistant Criminal District Attorney, Navarro County, Texas
Attorney at Trial, Attorney on Appeal
800 N Main St., Suite 203
Corsicana, Texas 75110

# TABLE OF CONTENTS

STATEMENT OF THE CASE ...................................................................................5

THE STATE'S RESPONSE TO ISSUES PRESENTED.......................................6

STATEMENT OF FACTS....................................................................................6

SUMMARY OF THE ARGUMENT....................................................................7

STATE'S RESPONSE TO APPELLANT'S ISSUES ..........................................7

    I.   The trial court did not err in denying Appellant's motion to suppress... 7

CONCLUSION.....................................................................................................9

PRAYER ............................................................................................................10

CERTIFICATE OF SERVICE ...........................................................................10

CERTIFICATE OF COMPLIANCE...................................................................11

# INDEX OF AUTHORITIES

**Cases**

*Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) ........................... 7

*Dixon v. State*, 206 S.W.3d 613, 616-17 (Tex. Crim. App. 2006) ........................... 8

*State v. Duarte*, 389 S.W. 3d 349, 354-55 (Tex. Crim. App. 2012) ................. 7, 8, 9

NO. 07-15-00011-CR

IN THE COURT OF APPEALS OF THE STATE OF TEXAS

SEVENTH JUDICIAL DISTRICT

AMARILLO, TEXAS

---

MARK HOFF

v.

THE STATE OF TEXAS

---

TRIAL COURT CAUSE NO. C35,611

COUNTY COURT AT LAW OF NAVARRO COUNTY, TEXAS

THE STATE'S BRIEF

---

Comes now, The State of Texas, by and through the undersigned Assistant Criminal District Attorney of Navarro County, Texas, and files the State's brief in the above-styled and above-numbered cause.

## STATEMENT OF THE CASE

On May 22, 2014, Appellant was indicted for the offense of Possession of a Controlled Substance <1g in a drug-free zone. Appellant filed a motion to suppress the evidence which was heard by the trial court on September 3, 2014. The trial court denied the motion to suppress the evidence on that same day and Appellant entered a guilty plea on November 20, 2014. After a review of the

5

evidence and following the completion of a pre-sentence investigation, the trial court sentenced Appellant to seven (7) years confinement in TDCJ-ID; however the court suspended the sentence and placed Appellant on community supervision for a term of ten years. This appeal follows that final judgment.

## THE STATE'S RESPONSE TO ISSUES PRESENTED

**ISSUE ONE**
The trial court did not err in denying Appellant motion to suppress the drug evidence.

## STATEMENT OF FACTS

Clint Andrews, an investigator with the Navarro County Sheriff's Department (hereafter NCSO) drug unit, obtained a search warrant for Appellant's residence based on information received by a confidential informant. I RR Exhibit 1. Following the issuance of the warrant, officers with the NCSO executed the warrant and located a baggie containing methamphetamine, a pipe and prescription pills. *Id.* at 9. During the search of the house, an officer observed Appellant ingest what they suspected was methamphetamine. *Id.* Sergeant Darrell Waller arrested Appellant and Detective Rickey Ragan informed Appellant of his *Miranda* rights. I RR at 9-10. Detective Ragan then asked Appellant if he had ingested a narcotic and Appellant confirmed that he had. *Id.* at 11. The statement given by Appellant was not recorded. *Id.*

6

## SUMMARY OF THE ARGUMENT

The search warrant affidavit provided sufficient probable cause to issue a warrant because the confidential informant had a successful track record and the information provided was reliable and was corroborated by the officers.

## STATE'S RESPONSE TO APPELLANT'S ISSUES

### I. The trial court did not err in denying Appellant's motion to suppress drug evidence.

#### A. Standard of Review

In reviewing a trial court's ruling on a motion to suppress, an appellate court applies a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). The reviewing court gives almost total deference to the trial court's determination of historical facts that depend on credibility, while the appellate court conducts a de novo review of the trial court's application of the law to those facts. *Id.* The review of an affidavit is not reviewed de novo, rather deference is given to the magistrate's determination of probable cause. *State v. Duarte*, 389 S.W. 3d 349, 354-55 (Tex. Crim. App. 2012).

#### B. Analysis

The search warrant affidavit in this case provided sufficient probable cause for the magistrate to conclude that a search would uncover evidence of wrongdoing. During the hearing on the matter, the evidence established that the

7

confidential informant was credible and reliable. *See State v. Duarte*, 389, S.W.3d 349, 357-59 (Tex. Crim. App. 2012); *Dixon v. State*, 206 S.W.3d 613, 616-17 (Tex. Crim. App. 2006). In *Dixon*, the Court of Criminal Appeals discussed the reliability of confidential informants and commented that they may be considered reliable if they have a "successful track record." 206 S.W. 3d at 616-617.

The facts of the current case are distinguishable from the facts in *Duarte*, the principal case upon which Appellant relies. In *Duarte*, the affidavit was based almost entirely on hearsay information supplied by a first-time confidential informant. 389 S.W.3d at 355. In that case, the Court of Criminal Appeals discussed the importance of additional information to corroborate the informant's statements. *Id*. Here the affidavit stated that Detective Andrews was assigned to the narcotics division of the NCSO, that the confidential informant had a successful track record with Detective Andrews in the investigation of narcotics cases, the informant had been to Appellant's residence within the 48 hours preceding issuance of the warrant and had seen Appellant in possession of methamphetamine. The affidavit also included the information that other narcotics officers were familiar with Appellant and had knowledge that narcotics, specifically methamphetamine, had been possessed and distributed from this location in the "recent past." Finally, Detective Andrews had prior knowledge of Appellant obtained during his investigation of previous narcotics cases.

A review of the search warrant affidavit in this case clearly rebuts Appellant's argument. The search warrant was not obtained based upon the hearsay information from a previously unknown confidential informant, as was done in *Duarte*. 389 S.W.3d 355. On the contrary, the affidavit specifically provided information that corroborated the informant's statements. Accordingly, the affidavit upon which the search warrant was based provided sufficient probable cause for the magistrate to determine a search would uncover evidence of wrongdoing and, for this reason, the trial court did not err in denying Apppellant's motion to suppress.

### C. Conclusion

The search affidavit was sufficient to provide the magistrate with a substantial basis to conclude that a search warrant would uncover evidence of wrongdoing. The confidential informant was credible and reliable. For these reasons, the trial court did not err in denying Appellant's motion to suppress.

## CONCLUSION

The judgment in this case should be affirmed. The evidence presented to the trial court was sufficient for the magistrate to determine there was probable cause to believe a search would uncover wrongdoing. The confidential informant had a reliable track record and the language of the affidavit was sufficient for a search warrant to be issued. The trial court did not err in denying Appellant's motion to

suppress.

## PRAYER

For all of the foregoing reasons, The State of Texas prays that this Honorable Court conclude that Appellant's conviction and punishment be in all things affirmed.

Respectfully Submitted,

/s/ Amy L. Cadwell
Amy L. Cadwell
Assistant Criminal District Attorney
SBN: 24057435
Navarro County, Texas
800 N Main St., Suite 203
Corsicana, Texas 75110
903-654-3045
903-872-6858 (fax)
acadwell@navarrocounty.org

## CERTIFICATE OF SERVICE

I, Amy L. Cadwell, certify that a true and correct copy of the foregoing document has been delivered via email to Appellant's attorney on the 10th day of June 2015.

/s/ Amy L. Cadwell
Amy L. Cadwell

## CERTIFICATE OF COMPLIANCE

I, Amy L. Cadwell, certify that the State's Brief is in compliance with Rule 9.4 of the Texas Rules of Appellate Procedure with a word count of 1,382 and Times New Roman typeface no smaller than 14-point font.

/s/ Amy L. Cadwell
Amy L. Cadwell